AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 6 2006

at 3 o'clock and 20 min P M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**BRYCE D. FEARY**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number: **1:04CR00344-002**
USM Number: 95125-022

**Emmanuel G. Guerrero**
Defendant's Attorney

**THE DEFENDANT:**
[✔] admitted guilt to violation of General Condition and Special Condition No. 2 of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **7782**

Defendant's Residence Address:
**Hilo, Hawaii 96720**

Defendant's Mailing Address:
**Hilo, Hawaii 96720**

June 8, 2006
Date of Imposition of Sentence

Signature of Judicial Officer

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

7-6-06
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

| | | |
|---|---|---|
| CASE NUMBER: | 1:04CR00344-002 | Judgment - Page 2 of 5 |
| DEFENDANT: | BRYCE D. FEARY | |

### ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The subject refused to report for drug testing on 5/16/2006. | |
| 2 | The subject's urine specimen submitted on 5/17/2006 tested positive for cocaine. | |
| 3. | The subject refused to report for drug testing on 6/3/2006. | |
| 4. | The subject admitted that on or about 6/3/2006, he used cocaine. | |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER:        1:04CR00344-002                                           Judgment - Page 3 of 5
DEFENDANT:          BRYCE D. FEARY

## IMPRISONMENT

   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 6 MONTHS .

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on_____ to _____
at _____ , with a certified copy of this judgment.


                                                              _____
                                                              UNITED STATES MARSHAL

                                                        By    _____
                                                              Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:04CR00344-002 | Judgment - Page 4 of 5 |
| DEFENDANT: | BRYCE D. FEARY | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 30 MONTHS .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER:       1:04CR00344-002                                             Judgment - Page 5 of 5
DEFENDANT:         BRYCE D. FEARY

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in a substance abuse treatment program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from the possession and use of alcohol.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That the defendant serve up to 9 months of community confinement, in a community corrections center such as Mahoney Hale, or be placed in the 6-month inpatient substance abuse program at the Salvation Army Adult Rehabilitation Center until clinically discharged, followed by 3 months of community confinement, as arranged by and at the discretion and direction of the Probation Office. While serving a term of community confinement, the defendant shall participate in a full-time drug treatment program, or be employed full-time while participating in a part-time drug treatment program, or attend school full-time while participating in a part-time drug treatment program, at the discretion and direction of the Probation Office